IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| OMAR VALDEZ, #15164-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv416<br>CRIMINAL NO. 4:08cr4(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Omar Valdez filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Facts of the Case

On March 31, 2008, Movant pleaded guilty pursuant to a written plea agreement for conspiracy to possess with the intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. On August 22, 2008, he was sentenced to 180 months of imprisonment. He did not file a direct appeal. In his § 2255 motion, Movant argues that his counsel was ineffective for failing to object to the PSR prepared in his case and for coercing him into signing the plea agreement. The Government filed a Response, asserting that the waiver contained in Movant's knowing and voluntary plea agreement is effective to bar relief. Movant did not file a Reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest his sentence in any post- conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement; and b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only

when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

In the present case, Movant signed a plea agreement, which included a waiver of right to appeal or otherwise challenge sentence through the filing of a § 2255 motion. In this agreement, he stated, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement." Immediately above his signature on the agreement, he stated, "I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorneys. I fully understand it and voluntarily agree to it." He also stated that he understood the nature and elements of the crimes to which guilt is admitted and that the statement of facts in support of the plea agreement is true. Movant stated that he had "thoroughly reviewed al legal and factual aspects of this case with his lawyers and is fully satisfied with that lawyers' legal representation." Movant stated that he received satisfactory explanations from his lawyer concerning each paragraph of the plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. He also stated that, after discussing it with his counsel, he "concedes guilt and has concluded that it is in [his] best interest to enter this agreement rather than proceeding to trial."

Furthermore, a "Findings of Fact and Recommendation on Guilty Plea before the United States Magistrate Judge" was filed in this case. In it, the Court found that Movant "is fully competent and capable of entering an informed plea, that [Movant] is aware of the nature of the

charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

Movant also signed a factual statement in which he admitted that he knowingly conspired to distribute and possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He stated the he knew the unlawful purpose of the agreement and joined in with the intent to further it. He certified that he read the factual statement, discussed it with his attorney, fully understood the contents of the factual statement, and agreed that it accurately described the events and his acts.

On April 29, 2008, Movant appeared in a hearing concerning his guilty plea. In response to the Court's questioning, Movant stated that he understood the rights contained in the consent form and that he had an opportunity to review it with his attorney. Movant said that he was not taking medication that might interfere with his ability to plead guilty. Movant stated that he had reviewed the indictment with his attorney and understood the charges against him. The Court reviewed Movant's rights with him - the right to persist in a plea of not guilty, the right to a speedy and public trial, the right to be tried by a jury or by the bench, the right of assistance of counsel, the right to confront and cross-examine witnesses, the right to have witnesses subpoenaed to testify on his behalf, and the right against compelled self-incrimination. Movant stated that he understood his rights. The Court reviewed the elements that the Government would have to prove beyond a reasonable doubt should he proceed to trial, which Movant stated he understood. The Court noted that the maximum sentence assessable in his case was life imprisonment and that the minimum was ten years. Movant stated he understood.

The Court then reviewed the plea agreement and waiver of appeal with Movant. After confirming that Movant had read it, understood it, and that it was his signature on it, the Court discussed Movant's agreement for 180 months' imprisonment, followed by a five-year term of supervised release. Movant stated that he understood the terms and further understood that it was not binding on the Court. Movant affirmed that his plea was freely and voluntarily made, that no one had forced him, threatened him, or made any promises to get him to plead guilty. He said he was competent to make the plea, had considered the consequences of his plea, and still wanted to plead guilty. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

The Court admonished Movant that he was giving up his right to appeal his conviction and sentence on all grounds, and his right to postconviction proceedings under 28 U.S.C. 2255, except for a sentence imposed in excess of the statutory maximum, or a claim of ineffective assistance of counsel that goes to the validity of the waiver itself. Movant said that he understood the very narrow issues reserved for appeal. Movant stated that he had read and fully understood the plea agreement before signing it.

The Court then found that Movant knowingly and voluntarily consented to the administration of the guilty plea, that there is a factual basis for his plea, and that justice will be served by the acceptance of the guilty plea. Movant stated that he had no hesitation or reservation or questions concerning his guilty plea. The Court also filed findings of fact and recommendation

on guilty plea on May 14, 2008, reiterating these findings.

Finally, Movant signed a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution" on April 29, 2008. In the consent, Movant stated that he understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel. He affirmed that he understood that the Court will consult the Sentencing Guidelines in assessing a sentence, but understood that the Court is not bound by the guidelines. He stated that he understood that, although he may have been given a possible range of punishment, it is only an estimate, and that his punishment could be increased based on various factors. Movant affirmed that he was aware that the Court is not bound by any agreements between himself and the Government. He also understood that only the United States District Judge will determine his sentence.

Furthermore, Movant stated that he was making his plea of guilty freely, and was not forced to plead guilty. He affirmed that no promises had been made to him other than what was contained in the plea agreement. He stated that he was making the plea of guilty because he was guilty. Movant said he fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, and restitution. He said that he fully understood the plea agreement and has no reservations or questions concerning it.

Movant stated that he understood his appeal rights and that those rights could be limited by the terms of his plea agreement, which he fully understood. He said that he realized that he may not appeal his sentence or withdraw his plea of guilty if his sentence is greater than what he originally believed or what was told to him by counsel. He represented that he was not under the

influence of any substances or medications and that he was fully competent to enter a plea before the Court. He also said that if he had any questions, he knew he could freely consult with his attorney. Movant represented that he was fully satisfied with his attorney's representation. He affirmed that the Factual Statement that he signed was true and correct, and that he had reviewed it and found no material errors in what he represented to the Court. He understood that his statements made in the Consent were made under the penalty of perjury.

This Court notes that Movant's sentence – 180 months of imprisonment – does not exceed the stated maximum of no more than life imprisonment. Furthermore, this Court notes that Movant's conclusory allegation that his plea was not voluntary or knowing is contradicted by his signed plea agreement, the transcript from his plea hearing, the findings of fact, and the consent to administration of guilty plea. He has not shown that his counsel coerced him to plead guilty. He has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Movant has failed to prove that he was given deficient or misleading advice or that, but for trial counsel's advice, he would have taken his chances at trial. Movant fails to show error under the first prong of the *Strickland* test. Conclusory allegations and bald assertions are insufficient to support the motion. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). Because Movant failed to prove the first *Strickland* prong, it is not necessary to analyze the second prong.

Movant's remaining issue – that his counsel was ineffective for failing to object to the two-point upward adjustment – does not state an issue reserved for appeal in Movant's waiver.

His remaining allegation does not allege that the Court failed to impose a sentence in accordance with the terms of the plea agreement or that ineffective assistance of counsel affected the validity of the waiver itself. Accordingly, Movant's remaining issue should be denied because of the waiver contained in his knowing and voluntary plea agreement. He has failed to show a denial of a constitutional right; consequently, this motion should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th

Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 3rd day of July, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE